# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

   v.                                      **Case No. 08-CR-233**

**SCOTT GILLESPIE**
        **Defendant.**

## DECISION AND ORDER

The government charged defendant Scott Gillespie with four counts of distribution of child pornography. Defendant moved to dismiss the indictment as insufficient and to suppress statements he made to law enforcement. The magistrate judge handling pre-trial proceedings in this case conducted an evidentiary hearing on the suppression motion, then issued a recommendation that both motions be denied. Defendant objects, requiring me to review those motions de novo. See Fed. R. Crim. P. 59(b)(3). Defendant also objects to the magistrate judge's denial of his motion for discovery. Because that motion was non-dispositive, I may set the magistrate judge's order aside only if it "is contrary to law or clearly erroneous." Fed. R. Crim. P. 59(a).

## I. MOTION TO DISMISS

Defendant argues that the indictment must be dismissed because it fails to state whether the images he allegedly distributed are in fact images of actual children, as required by Ashcroft v. Free Speech Coalition, 535 U.S. 234 (2002). His argument fails.

Under Fed. R. Crim. P. 7(c)(1), the indictment must "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." An indictment is

sufficient if it: "(1) states the elements of the offense charged; (2) fairly informs the defendant of the nature of the charge so that he may prepare a defense; and (3) enables him to plead an acquittal or conviction as a bar against future prosecutions for the same offense." United States v. Ramsey, 406 F.3d 426, 429 (7th Cir. 2005). The indictment need not "exhaustively recount the facts surrounding the crime's commission," United States v. Agostino, 132 F.3d 1183, 1189 (7th Cir. 1997), or provide the details of how it will be proved, id. at 1191. At the pre-trial stage, "the indictment ordinarily should be tested solely by its sufficiency to charge an offense, regardless of the strength or weakness of the government's case," United States v. Risk, 843 F.2d 1059, 1061 (7th Cir. 1988); a defendant may not, via pre-trial motion, challenge the sufficiency of the government's evidence, see, e.g., Fed. R. Crim. P. 12(b)(2) (stating that the court must be able to decide pre-trial motions "without a trial of the general issue"); United States v. Yasak, 884 F.2d 996, 1001 (7th Cir. 1989) ("A motion to dismiss is not intended to be a 'summary trial of the evidence.'").

It is true that, under Ashcroft, the government cannot ban "virtual" child pornography. 535 U.S. at 250-52. Thus, as the magistrate judge noted, the government will at trial have to prove that the images defendant allegedly distributed depict real children.[1] But defendant cites no case holding that some special pleading rule now applies in child pornography prosecutions, and I have found none. By alleging that defendant distributed child pornography as defined by 18 U.S.C. § 2256(8)(A),[2] and indicating that each file depicts a "child," the indictment did all

---

[1] Courts have held that the government may meet this burden by simply submitting the images to the jury for its inspection. See, e.g., United States v. Sims, 428 F.3d 945, 956 (10th Cir. 2005).

[2] Section 2256(8)(A) defines "child pornography" as a "visual depiction involv[ing] the use of a minor engaging in sexually explicit conduct." Section 2256(1) defines the term "minor" as

2

it needed to do. Contrary to defendant's suggestion, the government need not at the pre-trial stage present "proof" on any element of the offense. Therefore, for these reasons and those stated by the magistrate judge, defendant's motion to dismiss will be denied.

## II.  MOTION TO SUPPRESS

**A.     Facts**

As indicated above, the magistrate judge held a hearing on defendant's suppression motion, and neither side contests his recitation of the facts or requests a de novo hearing. Therefore, I adopt the magistrate judge's summary of the testimony and present only an abbreviated versions of events herein.

On February 14, 2007, at about 7:00 a.m., FBI agents executed a search warrant for defendant's residence. Agents approached in tactical gear and with weapons drawn, knocked on the door and announced their presence. Defendant answered the door, and the agents announced that they had a warrant and directed defendant to stand facing a wall with his hands on the wall while agents secured the residence. Agent Koplinski testified that "its possible" that at this point he asked defendant where the computers in the residence were located, but defendant testified that he was not asked any questions at this time.

Once they secured the house, the agents holstered their weapons, and Koplinski told defendant they were there searching for child pornography. Koplinski asked defendant if he would speak to the agents at the West Milwaukee Police Department and gave him the option of driving himself or riding with the agents. Defendant agreed and chose to ride with the agents; they left for the station within ten minutes of the agents' arrival.

---

"any person under the age of eighteen years." The Ashcroft Court left these provisions, which apply to material involving "real" children, intact.

3

At the police station, defendant accompanied Agents Koplinski and Pleming to a conference room, where Koplinski provided Miranda warnings, which defendant waived. Koplinski asked defendant questions, some of which he answered, others of which he did not. Koplinski also asked defendant for permission to search defendant's garage and vehicles, and defendant agreed. At the end of the interview, defendant stated that he would be making an appointment with his doctor to obtain a referral to a therapist, who hopefully would provide the names of attorneys who specialized in these types of cases. The interview lasted about four hours and contained one break, at defendant's request. Koplinski then drove defendant home, and the two reviewed an inventory of items seized pursuant to the warrant.

On February 22, 2007, Koplinski and Pleming returned to defendant's residence to ask some follow-up questions. Koplinski first asked whether defendant had retained counsel, and defendant said he had not. Koplinski then asked about another computer in the house, which defendant agreed to show the agents. The interview ended when defendant stated he did not want to answer any further questions. The agents did not provide Miranda warnings during this session.

**B.    Analysis**

To protect an individual's right against self-incrimination, a suspect must be advised of certain rights prior to being subjected to custodial interrogation. Miranda v. Arizona, 384 U.S. 436, 444 (1966). To implicate Miranda, the suspect must be both "in custody" and subject to "interrogation." United States v. Yusuff, 96 F.3d 982, 987 (7th Cir. 1996). A person is "in custody" when his movement is restrained to the degree comparable to a formal arrest. Id. The custody determination depends on the objective circumstances of the interrogation, not on the subjective views harbored by either the interrogating officers or the person being

4

questioned. In other words, the relevant inquiry is how a reasonable man in the suspect's shoes would have understood his situation. United States v. James, 113 F.3d 721, 726 (7th Cir. 1997). "Interrogation" includes both direct questioning and any other any words or actions on the part of the police that are reasonably likely to elicit an incriminating response from the suspect. United States v. Shlater, 85 F.3d 1251, 1256 (7th Cir. 1996).

Defendant first contends that he was in custody while the agents secured his house on February 14, 2007. However, the record contains no definitive evidence that, even if defendant was in custody at this point, he was subjected to interrogation. Koplinski said only that it was "possible" that he asked defendant where the computers were, while defendant denied that the agents asked him anything at this time. The record contains no indication that defendant responded. Thus, there is no statement to suppress.[3] See United States v. Peterson, 414 F.3d 825, 828 (7th Cir. 2005) ("The problem with [the defendant's] argument is that none of his own statements preceded the warnings. There is no abstract 'right to be warned.'").

Second, as the magistrate judge explained, it does not matter whether defendant was in custody during the February 14 interview at the West Milwaukee police station. It is undisputed that Koplinski provided defendant with Miranda warnings prior to that interview, and defendant voluntarily waived his rights and agreed to answer questions.

---

[3]In his objections, defendant attempts to distinguish the cases cited by the magistrate judge in support of his alternate conclusion – that defendant was not in custody during the execution of the warrant. However, he does not address the primary problem with his motion – the absence of any statement that could be subject to suppression. The record also contains no support for any argument that the statements made at the West Milwaukee police station flowed from or were the fruit of an earlier, un-warned statement, or that the agents deliberately used the sort of question first, warn later approach condemned in Missouri v. Seibert, 542 U.S. 600 (2004). See United States v. Stewart, 536 F.3d 714, 718-19 (7th Cir.), cert. denied, 129 S. Ct. 741 (2008).

5

Finally, as the magistrate judge also explained, defendant was plainly not in custody when questioned by the agents in his home on February 22, 2007. Defendant agreed to speak with the agents, who did not draw their weapons, restrain defendant's freedom of movement, or otherwise behave in a threatening manner. Courts have routinely held that this sort of consensual, non-coercive encounter in a suspect's home does not implicate Miranda. E.g., United States v. Thompson, 496 F.3d 807, 811 (7th Cir. 2007); United States v. Bush, 820 F.2d 858, 861 (7th Cir. 1987); see also James, 113 F.3d at 727-28 (stating that a person is not in custody for purposes of Miranda just because the police officer questioning him considers him a suspect).

Therefore, for these reasons and those stated by the magistrate judge, defendant's motion to suppress statements will be denied.

### III. MOTION FOR DISCOVERY

Defendant filed a motion to obtain a mirror image of the computer hard drive involved in this case. Under 18 U.S.C. § 3509(m)(2)(A), the court must deny a defense request to duplicate any material that constitutes child pornography, so long as the government makes the "material reasonably available to the defendant." The statute explains that "material shall be deemed to be reasonably available to the defendant if the Government provides ample opportunity for inspection, viewing, and examination at a Government facility of the property or material by the defendant, his or her attorney, and any individual the defendant may seek to qualify to furnish expert testimony at trial." 18 U.S.C. § 3509(m)(2)(A). Noting that the parties were attempting to resolve their dispute over defense access to the computer, the magistrate judge denied the motion without prejudice.

In his objections, defendant indicates that with the assistance of the FBI the computer

6

glitch which had prevented defense counsel and the defense expert from retrieving and viewing the relevant information has been addressed. Defendant nonetheless maintains that the statutory restrictions on access are unnecessary, excessive and unconstitutional. Defendant raised no constitutional challenge to the statute before the magistrate judge, and under the circumstances it does not appear appropriate to consider such a challenge now.[4] I see no plain error in the magistrate judge's decision to deny the motion without prejudice, pending the parties' efforts to resolve the matter. Like the magistrate judge, I would be willing to reconsider this issue if problems persist unreasonably interfering with defendant's trial preparation.

## IV. CONCLUSION

**THEREFORE, IT IS ORDERED** that the magistrate judge's recommendation is adopted, and defendant's motions to dismiss (R. 6) and suppress (R. 10, 13) are **DENIED**,

Dated at Milwaukee, Wisconsin, this 17th day of March, 2009.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

---

[4] Defense counsel notes that another judge of this district court previously granted him access to this sort of material under a protective order. It appears that this protective order issued before § 3509(m) took effect.

7